UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERGER ENTERPRISES,

    Plaintiff,

v.

LAKESHORE TOLTEST CORPORATION,
f/k/a TOLTEST, INC., and ZURICH
AMERICAN INSURANCE COMPANY,

    Defendants.
_____/

Case No. 4:10-cv-14024

Hon. Mark A. Goldsmith

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT IN ITS ENTIRETY PURSUANT TO FED. R. CIV. P. 12(b)(6)

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants, Lakeshore TolTest Corporation ("Lakeshore") and Zurich American Insurance Company ("Zurich"), respectfully request that this Court enter an Order dismissing with prejudice in its entirety Plaintiff Berger Enterprises' ("Berger") Complaint.

Plaintiff's Complaint fails to state a claim against either Defendant. This lawsuit is based on a contract for demolition and site work. Plaintiff Berger is one party to the contract and TolTest, Inc. is the other party. The payment bond at issue is between Zurich and TolTest, Inc. Defendant Lakeshore is not a party to the contract, it is not a party to the payment bond, and it is not formerly known as TolTest, Inc., as Plaintiff alleges in Complaint ¶ 2, the one and only allegation that supposedly implicates Lakeshore. Defendants informed Plaintiff on November 17, 2010, that it has sued the wrong entity and alleged erroneous claims against Zurich, but Plaintiff has refused to dismiss the Complaint or amend, thus necessitating this motion.

This Motion is based upon the pleadings, arguments and legal authority set forth in detail in the accompanying Brief in Support of this Motion.

On November 17, 2010 counsel for Defendants sought concurrence in this motion pursuant to Local Rule 7.1. Concurrence was denied

WHEREFORE, Defendants request that this Court dismiss the Complaint in its entirety against Defendants Lakeshore and Zurich and award Defendants their costs and fees incurred in bringing this motion.

Respectfully submitted,

**BUTZEL LONG, a professional corporation**

s/Bruce L. Sendek
150 West Jefferson, Suite 100
Detroit, MI 48226-4452
(313) 225-7000
sendek@butzel.com
P28095

-and-

Of Counsel
Andrew J. Haliw, III
General Counsel
Lakeshore TolTest Corporation
7310 Woodward Avenue, Suite 500
Detroit, MI 48202
(313) 887-5790
andrewh@lakeshoreeng.com
P14541

**Co-Counsel for Defendant,
Lakeshore TolTest Corporation**

Dated: November 22, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERGER ENTERPRISES,

    Plaintiff,

v.

LAKESHORE TOLTEST CORPORATION,
f/k/a TOLTEST, INC., and ZURICH
AMERICAN INSURANCE COMPANY,

    Defendants.
_____/

Case No. 4:10-cv-14024

Hon. Mark A. Goldsmith

**DEFENDANTS' BRIEF IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT
IN ITS ENTIRETY PURSUANT TO FED. R. CIV. P. 12(b)(6)**

120461\008\1245960

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

STATEMENT OF FACTS ......................................................................................................... 1

LAW AND ARGUMENT .......................................................................................................... 2

    I.    STANDARD OF REVIEW .................................................................................. 2

    II.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT LAKESHORE TOLTEST CORPORATION AS IT IS NOT A PARTY TO THE CONTRACT OR PAYMENT BOND ................ 4

    III.    PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT ZURICH AMERICAN INSURANCE COMPANY AS IT HAS FAILED TO STATE A CLAIM AGAINST LAKESHORE ........................................................................................................ 5

CONCLUSION .......................................................................................................................... 5

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## **TABLE OF AUTHORITIES**

Page

**CASES**

Bassett v. NCAA,
    528 F.3d 426 (6th Cir. 2008) ..................................................................................................3
Conley v. Gibson,
    355 U.S. 41, 78 S.Ct. 99 (1957) ..............................................................................................3
Federated Dep't Stores, Inc. v. Moitie,
    452 U.S. 394 n. 3, 101 S. Ct. 2424 (1981) ..............................................................................3
Kramer v. Van Dyke Public Schools,
    918 F. Supp. 1100 (E.D. Mich. 1996) ......................................................................................3
Lillard v. Shelby County Bd. of Ed.,
    76 F.3d 716 (6th Cir. 1996) .....................................................................................................3
Murphy v. Sofamor Danek Group, Inc.,
    123 F.3d 394 (6th Cir. 1997) ...................................................................................................3
Pratt, v. Ventas, Inc.,
    365 F.3d 514 (6th Cir. 2004) ...................................................................................................3
U.S. Express Lines, Ltd. v. Higgins,
    281 F.3d 383 (3rd Cir. 2002) ...................................................................................................3
Winget v. JP Morgan Chase Bank, N.A.,
    537 F.3d 565 (6th Cir. 2008) ...................................................................................................3
Zibbell v. Michigan Dept. of Human Services,
    313 Fed. Appx. 843 (6th Cir. 2009) .........................................................................................3

**STATUTES**

MCL 450.1703a .................................................................................................................................4
MCL 450.1724 ...............................................................................................................................4, 5

**RULES**

Federal Rule of Civil Procedure 12(b)(6) ..............................................................................1, 2, 3

BUTZEL LONG, A PROFESSIONAL CORPORATION, ATTORNEYS AND COUNSELORS

## INTRODUCTION

Defendants, Lakeshore TolTest Corporation ("Lakeshore") and Zurich American Insurance Company ("Zurich") move to dismiss Plaintiff Berger Enterprise's ("Berger") Complaint, in its entirety, pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff has failed to state a claim for the simple reason that it has sued the wrong party. This lawsuit is based on a contract between Berger and TolTest, Inc. ("TolTest"), an Ohio corporation. The contract is attached to the Complaint and it is plain on its face that Berger's contract is with TolTest, not Lakeshore. See Complaint, Ex. 2. Plaintiff asserts that Lakeshore was formerly known as TolTest, Inc. (Complaint, ¶ 2) Plaintiff is wrong. Lakeshore has never been known as TolTest, and TolTest and Lakeshore are, and have always been, separate legal entities.

Zurich is sued as a surety on a payment bond which Berger alleges is between Lakeshore and Zurich. Complaint ¶¶ 2, 8. In fact, the bond on which Plaintiff relies is between Zurich and TolTest. Complaint, Ex.1. Zurich has no liability as surety for any alleged wrongdoing by Lakeshore.

On November 17, 2010, Defendants' counsel advised Berger's counsel that Berger sued the wrong party and suggested that he dismiss Lakeshore and amend or re-file the Complaint. Plaintiff declined to dismiss Lakeshore, thus necessitating this motion.

Accordingly, pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants respectfully move this Court for an Order dismissing the Complaint.

## STATEMENT OF FACTS

Plaintiff Berger is a contractor engaged in commercial and industrial demolition, excavation and site work. Complaint ¶ 6. Plaintiff alleges that Defendant Lakeshore is a contractor that entered into an agreement with Berger for work to be performed at a

United States Air Force base in North Dakota. Complaint ¶¶ 2, 7 and 11.[1] The contract upon which Plaintiff brings this action is identified in Complaint ¶ 11 as a September 29, 2008 Purchase Order Subcontract Agreement and a December 17, 2008 change order, attached to the Complaint as Exhibits 2 and 3, respectively. However, as plainly shown on Complaint Exhibits 2 and 3, the contract at issue is between Lavern Berger d/b/a Berger Enterprises and TolTest, Inc. Lakeshore is not a party to the contract (nor could it have been since, as discussed below, it did not exist until April 23, 2010 when it filed its Articles of Incorporation).

In its Complaint, Berger asserts six counts against Lakeshore, all of which are predicated on the North Dakota project which is the subject of the TolTest/Berger contract. The claim against Zurich, stated in Count I, is based on ¶ 8 and Exhibit 1. Once again, Berger misidentifies contracting parties; the principal on the payment bond is TolTest, not Lakeshore. Zurich is TolTest's surety. Plaintiff claims that Zurich is liable under the payment bond because of [Lakeshore's] breach of the agreement. Complaint ¶ 68. This is incorrect: Lakeshore is not the principal; Lakeshore never contracted with Berger; Zurich is not a surety to Lakeshore; and Lakeshore did not even exist in August 2008 when the payment bond was executed.

## LAW AND ARGUMENT

I.  **STANDARD OF REVIEW**

In reviewing a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the court must take all well-pled allegations as true and if it appears beyond doubt that the plaintiff can prove

---

[1] In Complaint ¶ 2, Berger confusingly defines Defendant Lakeshore TolTest Corporation as "TolTest." Consequently, every subsequent reference in the Complaint to "TolTest" is actually an allegation against Lakeshore TolTest Corporation, a separate legal entity.

no set of facts in support of its claims that would entitle it to relief, then dismissal is proper. *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 575 (6th Cir. 2008). A well-pleaded allegation is one that alleges specific facts and does not rely merely on conclusory statements. *Lillard v. Shelby County Bd. of Ed.*, 76 F.3d 716, 726 (6th Cir. 1996). "The court need not... accord the presumption of truthfulness to any legal conclusion, opinions, or deductions, even if they are couched as factual allegations" *Kramer v. Van Dyke Public Schools*, 918 F. Supp. 1100, 1104 (E.D. Mich. 1996); *Murphy v. Sofamor Danek Group, Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

If the plaintiff cannot possibly prove its claim, the claim should be dismissed and the defendant spared the burden and cost of litigation. *Conley v. Gibson* 355 U.S. 41, 45-46, 78 S.Ct. 99, 102 (1957). "A dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a judgment on the merits, and is therefore done with prejudice." *Pratt, v. Ventas, Inc.*, 365 F.3d 514, 522 (6th Cir. 2004) quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n. 3, 101 S. Ct. 2424 (1981).

The relevant record under consideration in a Rule 12(b) motion consists of the complaint and any document integral or explicitly relied on in the complaint. *Zibbell v. Michigan Dept. of Human Services,* 313 Fed. Appx. 843 (6th Cir. 2009) citing *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3rd Cir. 2002). In addition, the court may "properly look at public records, including judicial proceedings, in addition to the allegations in the complaint." *Zibbell, supra; Pratt, 365 F.3d at 522* (district court's review of the bankruptcy court's sale order was proper under a 12(b) review). Defendants rely on the TolTest/Berger contract and the TolTest/Zurich payment bond, which are identified in the Complaint at ¶¶ 8 and 11 and attached to the Complaint as Exhibits 1-3. Defendants also rely on Defendant Lakeshore's and TolTest's

corporate public filings, discussed below, with the Michigan Department of Energy, Labor and Economic Growth.

II. **PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT LAKESHORE TOLTEST CORPORATION AS IT IS NOT A PARTY TO THE CONTRACT OR PAYMENT BOND**

All claims against Defendant Lakeshore are premised on one assertion: that Lakeshore was formerly known as TolTest, Inc. *Complaint* ¶ 2. Plaintiff is simply wrong. Lakeshore was never known as TolTest, Inc. Defendant Lakeshore and TolTest are, and have always been, two distinct and separate legal entities. TolTest is an Ohio corporation. TolTest filed an application to do business in Michigan, under the name of Toledo Testing Laboratory, Inc., in 1977. A 1989 amended application, gives notice that "on September 9, 1989, Toledo Testing Laboratory changes its name to TolTest, Inc." See Exhibits A and B.[2] Defendant Lakeshore was formed in April 2010. See Exhibit C, Lakeshore Articles of Incorporation. Today, both continue to be active companies and registered to do business in the State of Michigan. See Exhibit D, TolTest 2010 Annual Report; Exhibit E, Lakeshore TolTest June 9, 2010 Certificate of Amendment-Corporation.

On or around May 10, 2010, Lakeshore and TolTest entered into a share exchange wherein 10,482.18 shares of Lakeshore were exchanged for every one share of TolTest and 4000 shares of Lakeshore were exchanged for every one share of Lakeshore Engineering Services, Inc. See Certificate of Share Exchange, attached as Exhibit F. As noted in the Certificate, the plan of share exchange was adopted by the Board of Directors of each corporation in accordance with Section 702 of Act 284, Public Acts of 1972. Exhibit E; See also MCL 450.1703a. Pursuant to MCL 450.1724, the parties to a share exchange remain

separate legal entities after the exchange, unlike the parties to a plan of merger. MCL 450.1724(2).[3] Both entities continue to be and are separate, active companies, registered to do business in the State of Michigan. See Exhibits D and E. There is no legal basis for a claim against Lakeshore.

### III. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST DEFENDANT ZURICH AMERICAN INSURANCE COMPANY AS IT HAS FAILED TO STATE A CLAIM AGAINST LAKESHORE

The claim against Zurich seeks to recover on a payment bond based on an alleged breach of contract by Lakeshore. The premise of this claim is wrong. Lakeshore never had a contract with Berger and Lakeshore never entered into a payment bond with Zurich. Consequently, there is no liability under the payment bond for alleged breaches of Lakeshore. Once again, Lakeshore did not even exist until April 2010 and there is no basis for claiming successor liability nor has Plaintiff alleged that there is any basis for successor liability.

### CONCLUSION

The case should be dismissed, as Plaintiff has failed to state a claim against Lakeshore and Zurich. It is obvious from the face of the Complaint that any claim Plaintiff has arising out of the contract for demolition work in North Dakota is against TolTest.

**BUTZEL LONG, a professional corporation**

s/Bruce L. Sendek
150 West Jefferson, Suite 100
Detroit, MI 48226-4452
(313) 225-7000
sendek@butzel.com
P28095

---

[2] All corporate records, attached as Exhibits A-E, are on file with the Michigan Department of Energy, Labor and Economic Growth.

[3] Had the entities merged, there would be a certificate of merger filed with the State of Michigan.

-and-

Of Counsel
Andrew J. Haliw, III
General Counsel
Lakeshore TolTest Corporation
7310 Woodward Avenue, Suite 500
Detroit, MI 48202
(313) 887-5790
andrewh@lakeshoreeng.com
P14541

**Co-Counsel for Defendant,
Lakeshore TolTest Corporation**

Dated: November 22, 2010

## CERTIFICATE OF SERVICE

    I hereby certify that on **November 22, 2010**, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: **All registered ECF participants in this matter.**

    **BUTZEL LONG, a professional corporation**

s/ Bruce L. Sendek
150 West Jefferson, Suite 100
Detroit, MI 48226-4452
(313) 225-7000
sendek@butzel.com
P28095